**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHARLES JOSEPH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-1 CDL |
| | : | |
| STEWART DETENTION CENTER, | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On January 2, 2008, Petitioner Joseph, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). On March 31, 2008, in lieu of an Answer, Respondents filed a Motion to Dismiss and a memorandum in support of such, contending that the petitioner had failed to show that his removal would not be completed within the reasonably near future. (R-9, R-10). Although Petitioner was ordered to file a response (R-11), he failed to do so.

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. Petitioner is a native and citizen of Antigua who entered the United States on June 19, 2005 on a B-2 visitor's visa. (R-9-2).

2. On August 17, 2007, Petitioner was convicted in the Superior Court of Colquitt County, Georgia of solicitation of sodomy of a minor. *Id*. This conviction made Petitioner deportable under 8 U.S.C. § 1227(a)(2).[1] Petitioner did not appeal the

---

[1] See 8 U.S.C. § 1101(a)(43), 8 U.S.C. § 1226(c)(1)(B), 8 U.S.C. § 1227(a)(2)(A)-(D), and *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 767 (7th Cir. 2005) (a "conviction for indecent solicitation of a child qualifies as an aggravated felony under § 1227(a)(2)(A)(iii)).

removal order. *Id*.

3. On October 30, 2007, Deportation Officer Roland Dalton received the Immigration Judge's order and prepared Petitioner for removal. *Id*. Petitioner's travel request was sent to the Antigua Consulate in Miami, Florida on November 15, 2007. *Id*.

4. On February 4, 2008, Officer Dalton was informed that Petitioner was scheduled to depart the United States on February 9, 2008, but that said deportation would be cancelled due to the travel documents having not been received from the Consulate of Antigua. *Id*. Officer Dalton was informed by Officer Reeves that the Consulate representative stated that it generally takes 3 to 6 months for the consulate to issue a travel document after the request is received. *Id*. Officer Dalton stated that it was reasonably foreseeable that the Consulate of Antigua may issue the travel document in May. *Id*.

## LEGAL STANDARD

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. At 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67.

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

In his Application, the Petitioner argues that he has been unlawfully detained by the Department of Homeland Security, Immigration and Custom Enforcement (ICE) for more than ninety (90) days because ICE has been unable to deport Petitioner to Antigua. (R-1). Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released. *Id.*

3

## Application of the Law

Petitioner's detention by the ICE pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[2] See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). The Attorney General may continue to detain an alien after the expiration of the ninety-day removal period. 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id.* at 701.

## Special Circumstances of Detention

ICE may continue the detention of aliens who present special circumstances. Under

---

[2] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1226(c), the Attorney General is required to take into custody aliens who are inadmissable to or deportable from the United States because they have committed specified crimes. In the case of a deportable alien, Section 1226(c)(1) applies if the alien has been convicted of an aggravated felony, as Petitioner has in the instant case. (*See* FN. 1). An alien ordered removed, who is removable under § 1227(a)(2) for criminal offenses, or whom has been determined by the Attorney General to be a risk to the community, may be detained beyond the removal period. 8 U.S.C.A. § 1231(6). As stated above, Petitioner was convicted of solicitation of sodomy of a minor, which made Petitioner deportable under 8 U.S.C. § 1227(a)(2). Thus, statutory law specifically provides for detention of the Petitioner beyond the removal period.

The six month presumption does not mean that every detainee not removed must be released after six months. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. Additionally, the Court of Appeals for the Eleventh Circuit determined that "to state a claim under *Zadvydas*, the alien must not only show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). The Respondent filed a sworn declaration of Deportation Officer Roland Dalton in support of the Motion to Dismiss which stated that it was reasonably foreseeable that the Consulate of Antigua would issue Petitioner's travel document in May. (R-9-2). Petitioner failed to

respond to the Motion to Dismiss and his bare bones petition fails to provide any reason, much less a good reason to believe that there is no significant likelihood of removal in the foreseeable future. Petitioner has not met his burden and has failed state a claim upon which relief may be granted.

**WHEREFORE, IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that the detention of Petitioner continue. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of May, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc